UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VALERIE CARRASQUILLO,   CASE NO.: 8:23-cv-00410

    PLAINTIFF,

v.

WALMART INC.,

    DEFENDANT.
_____/

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, WALMART, INC. ("Defendant"), by and through undersigned counsel, hereby removes the above-captioned action from the 12th Judicial Circuit Court in and for Manatee County, Florida, styled as *Valerie Carrasquillo v. Walmart, Inc.*, Case No. 2022-CA-00129-AX, to the United States District Court for the Middle District of Florida, Tampa Division.  As set forth more below, this Court has subject matter jurisdiction over this action because (1) this case presents a federal question pursuant to 28 U.S.C. § 1331, and (2) there is complete diversity of the parties to this lawsuit pursuant to 28 U.S.C. § 1332 and 1441.  Further, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because Defendant has satisfied the procedural requirements for removal.  In support of this Notice of Removal, Defendant states the following:

**I.**    **FACTUAL BACKGROUND**

On January 12, 2022, Plaintiff commenced her state-court action against Defendant by filing her Complaint in the 12th Judicial Circuit in and for Manatee County, Florida,

CASE NO.: 8:23-cv-00410

Case No. 2022-CA-00129-AX ("State Court Action").  A copy of the Complaint is attached hereto as **Exhibit A**.

On January 27, 2023, Defendant was served with the Complaint in the State Court Action.  A copy of the Return of Service is attached hereto as **Exhibit B**.

The Complaint brings the following Counts:  Count I: sex and gender discrimination in violation of the  Florida Civil Rights Act ("FCRA"); Count II:  sexual orientation discrimination in violation of the FCRA; Count III:  retaliation in violation of the FCRA; Count IV:  sexual orientation discrimination in violation of Title VII; Count V:  gender discrimination in violation of Title VII; Count VI:  retaliation in violation of Title VII; and Count VII:  negligent hiring, training retention, and supervision.

## II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

Here, Plaintiff has asserted three claims under United States law, specifically under Title VII (42 U.S.C. § 2000e, *et. seq.*) [Ex. A at Counts IV-VI].  As such, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and, because the federal questions presented are necessary to the resolution of this case, this action should be

removed to this Court pursuant to 28 U.S.C. § 1441(a).

## III. REMOVAL IS ALSO PROPER BECAUSE THERE IS COMPLETE DIVERSITY BETWEEN THE PARTIES

Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

### A. Citizenship of Valerie Carrasquillo

Plaintiff is a resident of Manatee County, Florida. [Ex. A, ¶ 3]. Although the Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is *prima facie* evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, Case No. 09-CV-60067, 2009 U.S. Dist. LEXIS 51705, *8 (S.D. Fla. Jun. 1, 2009).

Plaintiff's Manatee County, Florida residence is *prima facie* evidence of her domicile, which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 U.S. Dist. LEXIS 51705 at *8.

### B. Citizenship of Defendant

At all material times, Defendant was and is a Delaware limited partnership and maintains its principal place of business in Bentonville, Arkansas.

## IV. AMOUNT IN CONTROVERSY

The amount in controversy in this suit exceeds $75,000, exclusive of interest and

costs.

In Count I of the Complaint, Plaintiff seeks (1) back pay, (2) front pay, (3) prejudgment interest, and (4) attorneys' fees and costs.  [Ex. A at Wherefore clauses in Complaint, pp. 4-5, 8, 10, 11, 13].  In Counts II-VI of the Complaint, Plaintiff seeks the above damages, as well as compensatory damages for mental anguish, personal suffering and loss of enjoyment of life.  [Ex. A at Wherefore clauses in Complaint, pp. 6-8, 10-14].  And, in Count VII of the Complaint, Plaintiff seeks emotional distress damages.  [Ex. A at Wherefore clause in Complaint, p. 15].  Finally, in Counts I and III-VI of the Complaint, Plaintiff seeks punitive damages.  [Ex. A at Wherefore clauses in Complaint, pp. 4-5; ¶¶ 47, 56, 66, and 73].

In determining whether the amount in controversy is greater than $75,000, "the appropriate measure is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint."  *Jackson v. America Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997).  "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."  *Williams v. Best Buy Co.*, 269 F. 3d 1316, 1319 (11th Cir. 2001).

Defendant notes that it contests Plaintiff's allegations of wrongdoing or liability and contests that Plaintiff is entitled to any relief or damages, and, in filing this Notice of Removal, Defendant does not concede that any amount is owed to Plaintiff.

CASE NO.: 8:23-cv-00410

### A.     Back Pay

Plaintiff seeks back pay in Counts I-VI of the Complaint.  At the time of Plaintiff's termination of employment with Defendant on January 25, 2021, Plaintiff's rate of pay was $11.50 per hour.  *See* Declaration of Store Manager, Matthew Harris, attached as **Exhibit C**, at ¶ 5.  Further, as of the date of Plaintiff's separation of employment, she was a full-time employee working approximately 40 hours per week.  *Id*. at ¶ 6.  Therefore, Plaintiff was earning $460 per week.  As such, between the date of Plaintiff's termination on January 25, 2021, and the deadline for removal on February 24, 2023 (approximately 109 weeks at $460 per week), Plaintiff is seeking back pay in the sum of $50,140.[1]

### B.     Front Pay

Plaintiff seeks front pay in Counts I-VI of the Complaint.  Front pay is a form of equitable relief awarded to an ex-employee in lieu of reinstatement.  *Penalver v. Northern Elec., Inc.*, Case No. 12-80188-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 53662, *6 (S.D. Fla. Apr. 17, 2012); *Brown v. Am. Express Co.*, 09-61758-CIV, 2010 U.S. Dist. LEXIS 18245, 2010 WL 527756, at *5 (S.D. Fla. Feb. 10, 2010).  The value of such equitable relief "for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiff[ ] if the [requested relief] were granted." *Penalver*, 2012 U.S. Dist. LEXIS 53662, *6-7 *quoting Leonard v. Enter. Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002).  As with back pay, if Plaintiff prevails on any of her claims for unlawful termination as alleged in Counts I-VI of the Complaint, and Plaintiff satisfies

---

[1] The period between January 25, 2021, and February 24, 2023, is 108 weeks and 4 days.

Case 8:23-cv-00410-WFJ-J_S   Document 1   Filed 02/23/23   Page 6 of 10 PageID 6

CASE NO.: 8:23-cv-00410

her duty to mitigate her damages by diligently seeking similar substitute employment, an award of front pay for between *12 and 18* months after trial begins would be within reason. *Hudson*, 473 F. Supp. 2d at 1303 (awarding front pay for 18 months beginning the day before trial). Plaintiff's $11.50 hourly rate for approximately 12 months of full-time work would total $23,920 in front pay ($460 per week * 52 weeks).

### C. Emotional Pain and Suffering/Compensatory Damages

In Counts II-VII of the Complaint, Plaintiff seeks damages for emotional distress. The FCRA allows for an award of compensatory damages "including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages." Fla. Stat. §760.11(5). There is no statutory limitation on a compensatory damages award under the FCRA. *See Id*. While Defendant does not believe that Plaintiff suffered emotional distress, courts have awarded amounts exceeding $75,000 for employment claims comparable to Plaintiff's claims in this suit. *See*, *e.g.*, *Munoz v. Oceanside Resorts, Inc*., 223 F. 3d 1340 (11th Cir. 2000) (upholding jury verdict awarding $150,000 in emotional damages); *Hill v. Xerox Corp*., 998 F. Supp. 1378 (N.D. Fla. 1998) (upholding a jury verdict of $457,000 for emotional distress). A conservative estimate for "garden variety" emotional distress damages is $25,000.

### D. Punitive Damages

In Counts I and III-VI of the Complaint, Plaintiff seeks punitive damages. The FCRA permits an award of punitive damages up to $100,000. *See* Fla. Stat. §760.11(5). While Defendant does not believe that Plaintiff should be awarded punitive damages, potential punitive damages are properly included for the purpose of determining the

6
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130  (305) 379-0400

amount in controversy. *Penalver*, 2012 U.S. Dist. LEXIS 53662 at *8-9.

### E. Attorneys' Fees

In Plaintiff's claims under the FCRA, as well as under Title VII, Plaintiff seeks attorneys' fees. The FCRA permits a prevailing party an award of attorneys' fees. *See* Fla. Stat. §760.11(5). While Defendant disagrees that Plaintiff will prevail in this case, nonetheless, when a statute authorizes a court to award attorneys' fees to a prevailing party, the amount in controversy includes consideration of the amount of those fees. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255,1265 (11th Cir. 2000) (citing *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000). A conservative estimate of Plaintiff's attorneys' fees in this case where Plaintiff brings seven counts is $75,000.

This evidence demonstrates the Plaintiff's claimed damages in the instant case equal $274,060, as follows:

| Type of Damages | Amount |
| --- | --- |
| Back pay from date of termination through deadline to file removal | $50,140 |
| Front pay (12 months) | $23,920 |
| Compensatory damages | $25,000 |
| Punitive damages | $100,000 |
| Attorneys' fees | $75,000 |
| **Total** | **$274,060** |

Accordingly, Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

### V. REMOVAL IS PROCEDURALLY CORRECT

In accordance with 28 U.S.C. § 1446(b)(1), Defendant files this Notice of Removal

within thirty days of the date that it was served with Plaintiff's Complaint, on January 27, 2023. The Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty-day period commenced on January 27, 2023, when Defendant was served with the Complaint.

Venue exists in the United States District Court for the Middle District of Florida, Tampa Division, because the 12th Judicial District in and for Manatee County, Florida, where Plaintiff filed her Complaint, is located within the United States District Court for the Middle District of Florida, Tampa Division.

Defendant is the only named Defendant and is the only Defendant served in this lawsuit. Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings and orders in the State Court Action are attached hereto as **Composite Exhibit D**. Furthermore, pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on Plaintiff, the only adverse party, and a copy will be filed in the State Court Action.

## VI. RESERVATION OF RIGHTS

This Notice of Removal does not waive any objections that Defendant may have regarding defects in service of process, jurisdiction, venue, or any other defense, including filing a motion to dismiss the Complaint for failure to state a claim.

Defendant expressly reserves the right to state additional grounds for removal and to provide such additional evidence as may be required to support the grounds asserted in this Notice of Removal.

## VII. CONCLUSION

This action is removable because (1) this Court has federal question jurisdiction

CASE NO.: 8:23-cv-00410

over Counts IV-VI of the Complaint pursuant to 28 U.S.C. § 1331, and (2) complete diversity exists in this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Upon filing of this Notice of Removal, Defendant will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 12th Judicial Circuit in and for Manatee County, Florida.

WHEREFORE, Defendant respectfully requests that this Notice of Removal be accepted as good and sufficient basis as required by law, and that the State Court Action, Case No. 2022-CA-00129-AX, on the docket of the 12th Judicial Circuit in and for Manatee County, Florida, be removed from that court to the United States District Court for the Middle District of Florida, Tampa Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all other relief to which Defendant is justly entitled.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By:   */s/ Derek H. Sparks*
CHRISTINE M. MANZO
Florida Bar No. 52121
cmm@lgplaw.com
DEREK H. SPARKS
Florida Bar No. 11434
dhs@lgplaw.com

CASE NO.: 8:23-cv-00410

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of February 2023, I caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF and caused the foregoing document to be served on Plaintiff through Plaintiff's counsel of record in the State Court Action at the email addresses noted below:

Anthony M. Georges-Pierre, Esq.
Jorge L. Costa, Esq.
REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC
2745 Ponce de Leon Boulevard
Coral Gables, FL 33134
agp@rgpattorneys.com
jcosta@rgpattorneys.com
agpassistant@rgpattorneys.com
*Attorneys for Plaintiff*

                                            */s/ Derek H. Sparks*
                                            DEREK H. SPARKS